IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Cynthia Coker, | ) | C/A No. 0:16-3886-RMG-PJG |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Nancy A. Berryhill, Acting Commissioner of Social Security,[1] | ) | |
| Defendant. | ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 (D.S.C.). The plaintiff, Cynthia Coker, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claims for Supplemental Security Income ("SSI"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be reversed and the case remanded.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a); see also Blalock v.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted as the named defendant because she became the Acting Commissioner of Social Security on January 23, 2017.

Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations generally require the Administrative Law Judge ("ALJ") to consider, in sequence:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a "severe" impairment;

(3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4) whether the claimant can perform her past relevant work; and

(5) whether the claimant's impairments prevent her from doing any other kind of work.

20 C.F.R. § 416.920(a)(4).[2] If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

---

[2] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances. 20 C.F.R. § 416.920(h).

**ADMINISTRATIVE PROCEEDINGS**

In December 2012, Coker applied for SSI, alleging disability beginning November 25, 2012. Coker's application was denied initially and upon reconsideration, and she requested a hearing before an ALJ. A hearing was held on March 19, 2015, at which Coker appeared and testified, and was represented by Jennifer Kellahan, Esquire. The ALJ issued a decision on May 18, 2015 finding that Coker was not disabled. (Tr. 10-18.)

Coker was born in 1968 and was forty-three years old on her disability onset date. (Tr. 148.) She obtained a general equivalency diploma and has past relevant work experience at a furniture store. (Tr. 171.) Coker alleged disability due to back and neck issues, issues with her arms and knees, and depression. (Tr. 170.)

In applying the five-step sequential process, the ALJ found that Coker had not engaged in substantial gainful activity since December 14, 2012—her application date. The ALJ also determined that Coker's status-post lumbar fusion, cervical degenerative disc disease, obesity, and bilateral knee osteoarthritis were severe impairments. However, the ALJ found that Coker did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ further found that Coker retained the residual functional capacity to

> perform sedentary work as defined in 20 CFR 416.967(a). Specifically, the claimant is able to lift and carry up to 10 pounds occasionally and lesser amounts frequently, sit for 6 hours in an 8-hour day, and stand and walk occasionally except that the claimant can occasionally balance, stoop, and crouch, and can never climb, kneel, or crawl. She must avoid concentrated exposure to temperature extremes, humidity, fumes, gases, and workplace hazards. She cannot reach overhead.

(Tr. 13.) The ALJ found that Coker was capable of performing past relevant work as a secretary and sales manager, and that this work did not require the performance of work-related activities

precluded by Coker's residual functional capacity. Therefore, the ALJ found that Coker was not disabled since December 14, 2012, the date the application was filed.

Coker submitted additional evidence to the Appeals Council, which denied Coker's request for review on October 28, 2016, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-5.) This action followed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## ISSUES

Coker raises the following issues for this judicial review:

I.  The Defendant erred in failing to address new and material medical evidence timely submitted thus rendering the ALJ's decision unsupported by substantial evidence.



II. The Defendant erred in failing to find Cynthia Coker's psychological conditions to be a severe impairment, thus rendering the ALJ's decision unsupported by substantial evidence.

III. The Defendant erred in failing to address, analyze, and find Cynthia Coker's bilateral knee conditions met or equaled Listing 1.02 at Step 3 of the sequential evaluation process thus rendering the ALJ's decision unsupported by substantial evidence.

IV. The Defendant erred in failing to address, analyze, and find Cynthia Coker's lumbar spine spondylolisthesis with pseudoarthrosis met or equaled Listing 1.04 at Step 3 of the sequential evaluation process thus rendering the ALJ's decision unsupported by substantial evidence.

V. The Defendant erred in failing to incorporate any functional restrictions related to Cynthia Coker's impaired ability to focus, concentrate and attend to task due to her symptoms of both chronic pain and her required use of narcotic pain medication.

VI. The Defendant erred in finding that Cynthia Coker could return to her past relevant work as Ms. Coker performed it at a level exceeding the RFC found by the ALJ.

VII. The Defendant erred in finding Cynthia Coker's testimony less than fully credible in that the severity and the extent of her symptoms are supported by the objective medical evidence of record.

(Pl.'s Br., ECF No. 10.)

## DISCUSSION

The court agrees with the plaintiff that remand is warranted on the sixth issue; accordingly, the court addresses this issue first.

As stated above, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. "Past relevant work" is defined by the regulations as "work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. § 416.960(b)(1); see also 20 C.F.R. § 416.974 (discussing substantial gainful activity). In determining whether a claimant can

PJG

perform her past relevant work, the Commissioner "will ask [the claimant] for information about work you have done in the past" and "may also ask other people who know about your work" and "may use the services of vocational experts or vocational specialists, or other resources, such as the 'Dictionary of Occupational Titles' and its companion volumes and supplements, published by the Department of Labor, to obtain evidence [she] need[s] to help [her] determine whether [a claimant] can do [her] past relevant work, given [her] residual functional capacity." 20 C.F.R. § 416.960(b)(2). Further, Social Security Ruling 82-62 provides:

> In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact:
> 1. A finding of fact as to the individual's [residual functional capacity].
> 2. A finding of fact as to the physical and mental demands of the past job/occupation.
> 3. A finding of fact that the individual's [residual functional capacity] would permit a return to his or her past job or occupation.

SSR 82-62, 1982 WL 31386, at *4. A claimant is generally not disabled if she can return to her past relevant work as she performed it or as it is customarily performed throughout the economy. 20 C.F.R. § 416.960(b)(2); SSR 82-61, 1982 WL 31387.

Although the ALJ relied on the vocational expert's classification of portions of Coker's past relevant work, the court agrees based on persuasive case law that because the <u>Dictionary of Occupational Titles</u> ("DOT") classification selected by the vocational expert involved a sedentary exertional level when the plaintiff's clear description of her past relevant work was at the medium exertional level, the ALJ's determination to adopt that classification and determination that her past relevant work included sedentary work is unsupported. Here, the ALJ appears to have relied upon the following testimony from the vocational expert: "The claimant worked as a manager in a furniture store which would have been at the medium level of exertion. It is SVP 6. It is 298.081-010. The secretarial portion of that job is sedentary. It is SVP 6, and it is <u>Dictionary of Occupational</u>

Titles number 201.362-030. The sales manager portion is also sedentary. It is SVP 8 and 163.167-018." (Tr. 45.) Consequently, the ALJ found that Coker was capable of performing her past relevant work as a secretary and sales manager as actually and generally performed in the national economy.

However, the only evidence in the record describing the duties of Coker's past relevant work is from Coker's completion of Social Security Form SSA-3369. Coker's responses to the questions on the form indicate the following exertional requirements for the job she listed as assistant manager of a furniture store (dates worked listed as 2009 through August 2011, 3 days per week 8 hours per day):

- walking, 3-4 hours per day on a busy day;
- standing, 4-5 hours per day;
- sitting, 2 hours possibly;
- reaching, all day;
- lifting, 25-50 pounds frequently with 50-75 pounds listed as the heaviest weight lifted and lifting and carrying included "mattresses, furniture carried outside & inside of store 2x a day[,] helped move furniture in store."

(Tr. 187-88.) Coker also listed the job of secretary for the furniture store (dates worked listed as 2009 through 2010, 5 days per week 8 hours per day) and indicated the following exertional requirements for this job:

- walking, 6-7 hours per day;
- standing, 5-6 hours per day;
- sitting, 2-3 hours per day;
- reaching, 5-6 hours per day;
- lifting, 25-50 pounds frequently with 50-75 pounds listed as the heaviest weight lifted and lifting and carrying included "[l]ifted & carried furniture in & out of store[,] also moved furniture around store rearranges or setting up deliveries/Daily." [3]

---

[3] The court notes that Coker completed this form on January 28, 2013. Subsequent submissions dated July 10, 2014 and February 10, 2015 indicate that Coker's past relevant work consisted of working at Robbie's Furniture in Kingstree, South Carolina from 2009-2012 and listed duties performed as "Assistant Manager Sales and Accounts." (Tr. 220, 222.) However, these submissions do not describe Coker's daily activities associated with this job.

(Tr. 187, 189.) No testimony was presented at the hearing providing any additional information about Coker's past relevant work.

Courts in this circuit have recognized that when a plaintiff's past relevant work does not properly fall within a DOT classification, either because the plaintiff performed a so-called "composite" job with duties crossing over various DOT classifications or because she did not perform the main duties of the DOT classified job identified by the vocational expert, then the ALJ should not consider whether a plaintiff can perform her past relevant work as it is generally performed in the national economy based on a DOT classification. Rather, some courts have suggested that an ALJ in such cases is limited to determining whether the claimant can perform her past relevant work as she performed it. See, e.g., Shealy v. Colvin, Civil Action No. 8:13-2383-RMG, 2015 WL 467726, at *11-*13 (D.S.C. Feb. 4, 2015) (discussing "composite jobs" and concluding that substantial evidence did not support the ALJ's finding that the plaintiff could return to work as an "order clerk" where her past relevant work actually appeared to be a composite job requiring the duties of order clerk, material handler, and/or store's laborer). This seems especially to be the case when the DOT classification used by the vocational expert is at a less strenuous exertional level than the actual job performed by the plaintiff as she describes it. See Turrentine v. Colvin, C/A No. 1:15CV00256, 2016 WL 225699 (M.D.N.C. Jan. 19, 2016) (finding that because, among other reasons, the plaintiff's past relevant work as she described it was at the light exertional level, including walking up to six hours per day and seldom sitting at a computer, whereas the DOT occupation used by the vocational expert and the ALJ qualified as sedentary, substantial evidence failed to support the ALJ's use of that DOT classification in analyzing the plaintiff's past relevant work); Shealy, 2015 WL 467726, at *13 (noting that in finding that the plaintiff could perform her past relevant work of order clerk, which is classified as sedentary, the ALJ appeared to have based

his conclusion on the least demanding aspect of the plaintiff's actual job); see also DeLoatche v. Heckler, 715 F.2d 148, 151 (4th Cir. 1983) (recognizing that the duties associated with job labels used by employers may not correspond to labels used by the DOT or other administrative categorization system and that a claimant may overcome the presumption that the Commissioner's generalization applies by demonstrating that her duties were not those envisaged by the framers of the Commissioner's category).

Here, the ALJ's reliance on the vocational expert's use of the DOT classification for "secretary" and "sales manager" does not appear to be supported by substantial evidence in light of the only evidence regarding Coker's actual job duties. See SSR 82-62, 1982 WL 31386, at *3 ("The claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level; exertional demands and nonexertional demands of such work."). The only evidence of record describing the duties Coker performed in her past relevant work does not appear to correspond to either of the sedentary jobs identified by the vocational expert and ultimately accepted by the ALJ. See Secretary, DOT # 201.362-030, 1991 WL 671672; Manager, Sales, DOT # 163.167-018, 1991 WL 647311. Based on this evidence from Coker, which the regulations require be treated as the "primary source" for vocational documentation, skill level, and exertional and nonexertional demands of the plaintiff's work, use of a sedentary DOT classification is unsupported.

In light of the court's recommendation that this matter be remanded for further consideration, the court need not address Coker's remaining issues, as they may be rendered moot on remand. See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments). Moreover, if necessary, Coker may present her remaining arguments concerning the ALJ's alleged errors on remand.

## RECOMMENDATION

Based on the foregoing, the court recommends that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for further consideration as discussed above.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 20, 2017
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).